429 P.2d 37

**In re STATE of Utah, in the Interest of Susan Ladean PERSINGER and Debbra Lee Persinger, alleged dependent, neglected children, Marilyn Persinger, Appellant. No. 10620.**

Supreme Court of Utah.

June 9, 1967.

---

1. In re Garr's Estate, 31 Utah 57, 86 P. 757 (1906).

Robert B. Hansen, Salt Lake City, for appellant.

Phil L. Hansen, Atty. Gen., Gary A. Frank, Asst. Atty. Gen., Gordon B. Christenson, Salt Lake County Atty., Salt Lake City, for the State.

TUCKETT, Justice:

This is an appeal from an order of the Juvenile Court of Salt Lake County that the mother of the subject children submit to a psychological examination against her will. This order was made pursuant to the provisions of Sec. 55–10–84, U.C.A. 1953, which provide in part that a child may be examined by a physician, surgeon, psychiatrist, or psychologist, and further provides as follows:

After due notice and a hearing set for the specific purpose, the court may order a similar examination of a parent or guardian whose ability to care for a child is at issue, if the court finds from the evidence presented at the hearing that the parent's or guardian's physical, mental, or emotional condition may be a factor in causing the neglect, dependency, or delinquency of the child.

The order was issued by the court during the hearing for the purpose of determining whether or not the children were neglected or dependent children.

The matter was appealed to this court pursuant to the provisions of Sec. 55–10–112, U.C.A.1953, which deals with appeals from the juvenile court to the Supreme Court. That section provides in part as follows:

An appeal to the Supreme Court may be taken from any order, decree, or judgment of the juvenile court. Such appeal shall be taken in the same manner in

**188**

which appeals are taken from judgments or decrees of the district courts.

While the language just quoted includes the term "any order" we are of the opinion that the legislature intended that final orders only are appealable. We are persuaded to this view by reason of the language of the statute which provides that appeals from the juvenile court be taken in the same manner as appeals from judgments or decrees of the district courts. To construe the language of the statute otherwise would open the door to appeals from all *interim orders made by the juvenile courts,* including rulings on evidence, orders granting or denying continuances and other rulings which would hamper that court in carrying on its work.

We are of the opinion that the appeal in this case is premature and the same should be dismissed, and it is so ordered.

HENRIOD and ELLETT, JJ., concur.

CROCKETT, Chief Justice (concurring):

I concur in the result but desire to make these observations. It is evident from the proceeding below and from the briefs filed here that the juvenile court and the parties desired us to rule on the question whether the appellant should be required to comply with the order to take a psychiatric examination. It seems to me that it would have been preferable to meet that problem as presented. In that connection, we have recognized that upon remand where further proceedings are in order we should indicate our opinion on applicable law. See Rule 76(a), U.R.C.P.; and Joseph v. W. H. Groves Latter Day Saints Hospital, 7 Utah 2d 39, 318 P.2d 330.

Notwithstanding the foregoing, because of the fact that the record as brought before us in the instant case is not sufficient to determine whether the order would be justified in any event, I concur in the order dismissing the appeal.

CALLISTER, Justice (concurring):

I concur in the result but would like to observe that, even assuming the statute to be valid, the record does not reflect that the Juvenile Court followed the procedure required by the Juvenile Court Act.