[No. 39698.    Department Two.    May 2, 1968.]

*In the Matter of the Application for a Writ of Habeas Corpus of* ERNEST LEE WILLIAMS, *Appellant,* v. B. J. RHAY, *as Superintendent of the State Penitentiary, Respondent.**

*Hugh E. Fountain, Jr.,* for appellant (appointed counsel for appeal).

*Ronald L. Hendry, Joseph D. Mladinov,* and *Eugene G. Olson,* for respondent.

WALTERSKIRCHEN, J.†—This is an appeal from the denial of a writ of habeas corpus following a hearing pursuant to *Kent v. United States,* 383 U. S. 541, 16 L. Ed. 2d 84, 86 Sup. Ct. 1045 (1966), and *In re Dillenburg v. Maxwell,* 70 Wn.2d 331, 413 P.2d 940, 422 P.2d 783 (1967).

*Reported in 440 P.2d 427.

---

†Judge Walterskirchen is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

Petitioner, on January 17, 1961, was 17 years and 4 months of age, when the juvenile court judge signed an order transferring him to adult status. He was then charged, in the superior court, with the crime of burglary in the second degree, counsel was appointed for him, petitioner pled guilty, and he was sentenced to the reformatory.

After rendition of the *Kent* and *Dillenburg* decisions, petitioner applied to the Superior Court for Walla Walla County, seeking his release from the penitentiary on the basis that his conviction was void because the waiver hearing had not measured up to proper standards. The case was transferred to Pierce County for a *Dillenburg* hearing as to the propriety of a transfer.

The Pierce County court appointed counsel for the petitioner, and scheduled a hearing with due notice to the petitioner and his counsel. All files, records, and reports pertaining to the petitioner considered by the juvenile court in the original hearing, and intended to be offered to the court in the de novo hearing were made available to petitioner and his counsel prior to the hearing. At the de novo hearing, attended by petitioner and his counsel, the juvenile court judge who had signed the transfer order, the chief probation officer of the Pierce County juvenile court, and the retired police officer who, at the time of the original hearing, was commander of the Tacoma police department's youth guidance department, were called as witnesses, testified, and were cross-examined by petitioner's counsel. The files of the juvenile court and of the youth guidance department of the police department pertaining to petitioner as of the time of the original hearing, were identified and admitted into evidence, along with a statement of the process and procedures of the Pierce County juvenile court.

At the conclusion of the de novo hearing, the trial judge made and entered findings of fact and conclusions of law on the basis of which he denied the writ of habeas corpus.

■ Appellant urges five assignments of error. Assign-

ments Nos. 1 and 3 pertain entirely to the manner in which the original hearing was conducted and thus have no merit, since the purpose of the de novo hearing is to determine

[W]hether the facts before the juvenile "session" of the superior court in the first instance warranted and justified the transfer for criminal prosecution. *In re Dillenburg v. Maxwell, supra* at 332.

Errors, if any, in the procedure of the original hearing are, therefore, of no consequence either in the *Dillenburg* hearing or on appeal to this court from the *Dillenburg* hearing.

Assignments of error Nos. 2 and 4 challenge the propriety of admitting hearsay evidence in the form of juvenile and police reports, records, and files. We have determined that, for purposes of a transfer hearing, whether original or de novo, such evidence is properly admissible and is to be considered by the court in the exercise of its discretion regarding the propriety of transferring a juvenile to adult status. See *In re Sheppard v. Rhay, ante* p. 734, 440 P.2d 422 (1968).

Appellant's final assignment of error challenges findings of fact Nos. 4 and 7, and conclusions of law Nos. 1, 2, and 4, on the basis that they are not "supported by legally admissible evidence and by law."

Finding of fact No. 4 states the investigation procedure established by the juvenile court shown by exhibit 1 was followed, and finding of fact No. 7 states that the court considered the juvenile record, the probation officer's oral report, and the police report, and concluded that the transfer, under the circumstances, was in the best interest of the appellant because the juvenile facilities had already been exhausted. The conclusions of law were to the effect that the required investigation had been made and the transfer to adult status did not constitute an abuse of discretion.

We have already determined that the evidence challenged by appellant was legally admissible. The remaining question is whether there is substantial evidence to support the trial court's findings, for, if there is, the Supreme Court will not disturb the findings on appeal. *Clark v. Clark,* 72 Wn.2d 487, 433 P.2d 687 (1967). At the

de novo hearing, the properly admitted exhibits and sworn testimony covered the complete social and family background of the appellant, his various contacts with the juvenile court because of delinquency, and his brushes with the law enforcement agencies. The evidence included a report on his stay at Fort Worden, with their psychological evaluation of the appellant, a 3-month report of his stay at Cedar Creek Youth Forest Camp, dated December 16, 1960, and marked received by the juvenile court December 31, 1960, and a police report of all the facts surrounding appellant's criminal involvement which occasioned the original relinquishment of jurisdiction over him. In addition, at the de novo hearing, the trial judge had the benefit of the testimony of the juvenile judge who had conducted the original transfer hearing, which allowed the trial judge a review of all the factors affecting the juvenile and the advisability of ordering a transfer. Included in the testimony was the oral evaluation of appellant's juvenile court probation officer, of the juvenile court chief probation officer, and the police department's commander of the youth guidance department. It would serve no useful purpose to detail the evidence before the court in each of the hearings. It is sufficient to say that there was substantial evidence supporting the court's findings of fact Nos. 4 and 7, and conclusions of law Nos. 1 and 2.

Since at the time of the de novo hearing appellant was over the age of 18 years and had competent counsel appointed for him prior to the hearing, had adequate notice of the de novo hearing, had access to all records, files and reports sufficiently in advance of the hearing to prepare for the same, and was afforded the right to, and did, attend and participate in the hearing, it is immaterial at this stage of the proceeding whether notice to counsel, the right to attend and participate in the hearing, or notice to the guardian were afforded appellant or his guardian in connection with the original hearing. These deficiencies are what the de novo hearing is designed to correct.

The evidence at the de novo hearing established that, under the facts of this case, had appellant been afforded the

774

procedurally proper original hearing, the results would still have been the same; that is, a proper exercise of the juvenile judge's discretion would have dictated that the relinquishment order be entered. Judgment of the trial court is affirmed.

FINLEY, C. J., HUNTER, HAMILTON, and HALE, JJ., concur.

July 17, 1968. Petition for rehearing denied.