[No. 39731. Department Two. June 13, 1968.]

THE STATE OF WASHINGTON, *Respondent*, v. MARVIN J. PICHE, *Appellant*.*

*Robert E. Anderson*, for appellant (appointed counsel for appeal).

*George A. Kain* and *Matt L. Alexander*, for respondent.

NEILL, J.—Defendant was 17½ years old at the time he was brought into juvenile court on a petition alleging him

*Reported in 442 P.2d 632.

to be a delinquent child and charging that he had committed the crime of burglary. The juvenile court, by order entered February 10, 1961, transferred jurisdiction and remanded defendant to superior court for trial as an adult. Upon arraignment defendant, represented by counsel, pleaded guilty. Judgment and sentence followed.

March 10, 1967, we ordered a de novo hearing to determine the propriety of the original transfer of defendant from juvenile court to superior court. June 8, 1967, the Spokane County Superior Court held such hearing in accordance with the rules announced in *In re Dillenburg v. Maxwell,* 70 Wn.2d 331, 422 P.2d 783 (1967).

Based on the evidence produced at the de novo hearing, the court found that (1) on May 1, 1959, defendant was committed to the Washington State Department of Institutions on a delinquency petition alleging that defendant had committed the crimes of car theft and burglary; (2) on October 24, 1960, defendant was charged with another offense of car theft and burglary and was transferred to superior court to be tried; (3) on January 14, 1961, defendant was released on bond from the Spokane County jail; and (4) while free on bond defendant was alleged to have committed the burglary of January 29, 1961, which is the subject of the current proceedings. From these findings, the court concluded that the February 10, 1961, transfer of defendant's case from the juvenile court of Spokane County to the superior court was proper and justified.

Defendant appeals, alleging that evidence was improperly received at the de novo hearing. He assigns as error that (1) the court considered evidence which was not before the court at the time of the original transfer; (2) the court considered hearsay evidence; and (3) the court considered certain statements taken from defendant under circumstances which allegedly violated the holdings in *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 Sup. Ct. 1602 (1966), and in *In re Gault,* 387 U.S. 1, 18 L. Ed. 2d 527, 87 Sup. Ct. 1428 (1967).

Defendant contends that the court in the de novo

hearing should have considered only that evidence which, in fact, was actually considered by the court at the time of the original transfer. We do not agree. There was no way at the de novo hearing to determine what, if anything, was considered at the original hearing. Furthermore, by affidavit the judge who signed the original transfer order stated that he did not remember what was before him and also that at the time he was not in the habit of holding hearings to determine whether there should be a transfer to the superior court. Thus, under defendant's contention, no evidence at all could have been received at the de novo hearing. This result would render meaningless the de novo hearing provided for in *Dillenburg, supra,* the stated purpose of which is to "determine whether, under all the circumstances, the petitioner should have been dealt with as a juvenile . . . ." *In re Sheppard v. Rhay,* 73 Wn.2d 734, 737, 440 P.2d 422 (1968).

Defendant assigns error to the admission of certain hearsay testimony. Two police officers, over the objection of defendant, were allowed to testify as to their investigation of the burglary allegedly committed by defendant as well as to statements made to them by third parties, which statements tended to lead to defendant's apprehension. Throughout the entire hearing, the court indicated that the procedure was not adversary in nature and therefore the rules of evidence, at least with respect to hearsay evidence, were not applicable. Defendant contends that the proceedings are adversary in nature and that hearsay evidence should not be admissible in a hearing of this type.

The court was correct in refusing to characterize the proceedings as adversary in nature. We have recently held hearsay evidence admissible in transfer hearings. *In re Sheppard v. Rhay, supra; In re Williams v. Rhay,* 73 Wn.2d 770, 440 P.2d 427 (1968). In *Sheppard,* we upheld the admission of an FBI arrest record and the reports and arrest records of the local police and sheriff. Furthermore, from a reading of the record, it is clear that the hearsay portion of the police officers' testimony constituted only a

minor portion of the evidence considered by the court. It is apparent that the court gave greatest consideration to the testimony of the juvenile probation officer who was familiar with defendant and to the information contained in defendant's official juvenile court file.

Prior to the de novo hearing, defendant filed a motion to suppress certain oral and written statements made by him to police officers while he was in their custody. He alleges that such statements were taken without his being advised of his constitutional rights, particularly his rights to remain silent and to be represented by counsel. He further claims that, prior to giving the statements, he requested the presence of an attorney who was representing him in another criminal matter, but was informed that as a juvenile he was not entitled to have his attorney present.

Defendant assigns error to the court's refusal to hold a "pretrial confession" hearing pursuant to CrR 101.20W, and to the admission of defendant's statements into evidence. Defendant contends that if his allegations are true with respect to the circumstances surrounding the making of these statements, then the admission of these statements into evidence was in violation of the holdings in *Haynes v. Washington*, 373 U.S. 503, 10 L. Ed. 2d 513, 83 Sup. Ct. 1336 (1963); *Escobedo v. Illinois*, 378 U.S. 478, 12 L. Ed. 2d 977, 84 Sup. Ct. 1758 (1964); *Miranda, supra;* and *Gault, supra.*

Under the holdings in *Miranda* and *Gault*, there is little question but that in a "delinquency" hearing, as in a criminal trial, the person against whom the proceedings are brought has the right to remain silent, the right to be represented by counsel, as well as the right to be so advised prior to his interrogation by the authorities. Defendant argues that (1) all the constitutional rights afforded a person involved in either a delinquency hearing or a criminal proceeding are also afforded to a juvenile involved in a juvenile court transfer hearing; (2) the state's failure to advise defendant of these rights prior to his interrogation and its denial of defendant's request for the presence of his counsel prior to giving the written statement violated these

constitutional rights; and (3) because of these violations of his constitutional rights, the admission of his statements into evidence at the hearing requires us to reverse.

■ The holding in *Gault,* however, is not controlling here. The Supreme Court in that case expressly limited the effect of its holding to delinquency hearings which could result in the minor's confinement to a state institution and, as will be seen, both the purpose and possible results of such a hearing are not at all similar to those of a transfer hearing. See *In re Sheppard v. Rhay, supra; In re Estes v. Hopp,* 73 Wn.2d 263, 438 P.2d 205 (1968). As stated in *Pee v. United States,* 274 F.2d 556, 559 (D.C. Cir. 1959):

> The constitutional safeguards vouchsafed a juvenile in such proceedings are determined from the requirements of due process and fair treatment, and not by the direct application of the clauses of the Constitution which in terms apply to criminal cases. (Footnote omitted.)

It would appear that the Supreme Court has adhered to this concept of the constitutional limitations on juvenile court proceedings. In discussing the type of hearing which must be afforded a juvenile when the juvenile court is considering a waiver of "jurisdiction," the Supreme Court in *Kent v. United States,* 383 U.S. 541, 16 L. Ed. 2d 84, 86 Sup. Ct. 1045 (1966), stated at 561-2:

> [W]e conclude that an opportunity for a hearing which may be informal, must be given the child . . . .
>
>  . . . .
>
> We do not mean by this to indicate that the hearing to be held must conform with all of the requirements of a criminal trial or even of the usual administrative hearing; but we do hold that the hearing must measure up to the essentials of due process and fair treatment. *Pee v. United States,* 107 U. S. App. D. C. 47, 50, 274 F.2d 556, 559 (1959).

It is clear, therefore, that if we must hold that it was reversible error to admit defendant's statements into evidence at the transfer hearing, we must do so because the general bounds of due process and fair treatment were exceeded and not simply because some of the technical

14

requirements of either *Miranda* or *Gault* may have been violated.

In determining whether the essentials of due process and fair treatment were provided in the instant case, it is important to keep in mind the exact nature of a juvenile court transfer hearing. Such a hearing does not result in a determination of delinquency as may a hearing held pursuant to RCW 13.04.070; does not result in a determination of guilt as may a criminal trial; and does not directly result in confinement or other punishment as may both a delinquency hearing and a criminal proceeding. In short, the transfer hearing is not an adversary proceeding. Rather, the sole purpose of the transfer hearing, as we have recently said, is to determine "whether best interests of the child and of society would be served by the retention of the juvenile court authority over him or whether the juvenile, under all the circumstances, should be transferred to be tried as an adult." *In re Sheppard v. Rhay, supra,* at 738. We believe that this purpose may best be effectuated by the sound exercise of the juvenile court judge's discretion at an informal hearing, limited of course by the general requirements of due process and fair treatment, but not governed by the strict rules of procedure and evidence applicable at either a criminal trial or at a juvenile court delinquency hearing.

If the proceedings under consideration were an adjudicatory hearing which could result in a determination that the defendant was guilty of a crime or was a delinquent, we would face a different issue. We are here concerned with a transfer hearing, which has as its only purpose the determination of whether the interests of the juvenile and of society will be best served by use of one of two possible forums—the juvenile court or the superior court—which will then hold the adjudicatory hearing.

In the case at bar, defendant has not strenuously urged nor has he shown that either he or his attorney was denied the right to effectively participate in the de novo hearing itself; that his prehearing statements were in fact the prod-

uct of physical or psychological coercion; or that the denial of his request for the presence of his attorney prior to giving the written statement in any way prejudiced his attorney's preparation for and representation at the hearing. Furthermore, and of primary importance, is the fact that defendant's statements, which allegedly were improperly admitted into evidence, constituted only a small portion of the evidence considered by the court in resolving the single issue before it. Both the testimony of the juvenile probation officer who was familiar with defendant's past history and the juvenile court records provided compelling evidence of defendant's prior criminal behavior and the juvenile court's apparent inability to aid in his rehabilitation. In light of this evidence, quite apart from the allegedly inadmissible statements, we agree with the state that a different course of action than that taken by the court would be difficult to envision and that the proceedings under consideration fully measured up to the appropriate standards of due process and fair treatment.

Judgment affirmed.

FINLEY, C. J., HUNTER and HAMILTON, JJ., and WARD, J. Pro Tem., concur.

---

July 30, 1968. Petition for rehearing denied.