CHARLES CARROLL, Chief Judge.
This is an appeal by a juvenile, as authorized by § 39.14(1) Fla.Stat., F.S.A., from an order by a judge of the juvenile court of Dade County waiving jurisdiction of the appellant and certifying the case to the circuit court, being “the court which would have had jurisdiction of the child if the child were an adult.”
That action of the juvenile court was taken under § 39.02(6) (a) Fla.Stat., F.S. A. The statute there provides that when a child of fourteen years or older is brought into the juvenile court as a delinquent, who if adult would .be charged with a violation of Florida law constituting a felony, the initial step toward waiver is that the matter be one which the juvenile judge “deems” should be transferred to the court which would have jurisdiction for trial of the crime charged if committed by an adult. Thereupon, after a hearing pertaining to waiver, a waiver order may be made if “the judge shall, by written order, determine that it is in the best interest of the public that jurisdiction be waived.” The statute then proceeds to recognize that such “finding,” as it is there called, may be based on social histories or psychological or psychiatric reports, by providing that where so based the child, his parents, guardian or counsel shall have the right to examine such reports and to question the parties responsible for them at hearing in the juvenile court.
The appellant contends the waiver order should be reversed for failure to state sufficient and adequate reasons for its entry, and because it appears therefrom that the court placed reliance on the severity of the offense and the age of the appellant, and that those matters are not sufficient to support the waiver. The appellant cites the case of Knott v. Langlois, R.I.1967, 231 A.2d 767, where the Rhode Island court held a waiver order was insufficient where it recited only that a “full investigation” had been made (under a statute which authorized waiver upon “full investigation”), holding that due process required that such a waiver be predicated on a consideration and an application of “approved criteria” upon an appropriate hearing. The opinion of the court in that case stated: “There was no hearing and the [juvenile] court neither gave any reasons for waiving nor made any findings.”
In the instant case an appropriate hearing was held as provided for by statute, and as revealed by the order of the juvenile judge, which, after reciting the nature of the offense, the presence of the child, her parents and counsel at the hearing, the age of the child and that the offense was one for which an adult would be charged with “a felony, to-wit: murder,” then listed as the basis or reasons for the waiver order, the seriousness of the alleged offense, the present age of the child (17) and the court’s conclusion that from psychological and psychiatric evaluations submitted to the court the “said child is not a suitable candidate for the rehabilitation program of the juvenile court” and the find *367 ing that it is in the best interest of the public that jurisdiction be waived.[1]
The appellant also cited and relied on the case of Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84. In that case a juvenile court of the District of Columbia, acting under a statute which authorized waiver after “full investigation,” had entered a waiver order for a juvenile charged with housebreaking, robbery and rape. The juvenile court had denied the request of counsel for the juvenile for a hearing, and for access to social records and reports which were before the court. The order contained no findings or reasons, other than that it was based on “full investigation.” The juvenile was indicted, and his subsequent motion to the trial court to quash the indictment on the ground that the waiver order was invalid, was denied. He was found guilty on certain counts and was sentenced to serve 30 to 90 years in prison. The Court of Appeals of the District of Columbia affirmed. The Supreme Court of the United States granted cer-tiorari, and vacated the judgments of the appellate and trial courts and remanded the cause to the juvenile court for a hearing de novo on the question of waiver consistent with the views it expressed, and with direction that if the juvenile court found that the waiver was inappropriate the judgment of the District Court should be vacated, but that if the waiver order was adhered to by the juvenile court, the district court, “after consideration of such motions as counsel may make and such further proceedings, if any, as may be warranted,” could enter an appropriate judgment.
In amplification of its expressed views relating to the necessity for a hearing, and as to applicable considerations thereon, the Supreme Court of the United States attached an appendix to the opinion of the court, designated “Policy Memorandum,” in which it set forth factors to be considered in such a case by the juvenile court of the District of Columbia, as follows:
“1. The seriousness of the alleged offense to the community and whether the *368 protection of the community requires waiver.
“2. Whether the alleged offense was committed in an aggressive, violent, premeditated or willful manner.
“3. Whether the alleged offense was against persons or against property, greater weight being given to offenses against persons especially if personal injury resulted.
“4. The prosecutive merit of the complaint, i. e., whether there is evidence upon which a Grand Jury may be expected to return an indictment (to be determined by consultation with the United States Attorney).
“5. The desirability of trial and disposition of the entire offense in one court when the juvenile’s associates in the alleged offense are adults who will be charged with a crime in the U. S. District Court for the District of Columbia.
“6. The sophistication and maturity of the Juvenile as determined by consideration of his home, environmental situation, emotional attitude and pattern of living.
“7. The record and previous history of the juvenile, including previous contacts with the Youth Aid Division, other law enforcement agencies, juvenile courts and other jurisdictions, prior periods of probation to this Court, or prior commitments to juvenile institutions.
“8. The prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the juvenile (if he is found to have committed the alleged offense) by the use of procedures, services and facilities currently available to the Juvenile Court.
“It will be the responsibility of any officer of the Court’s staff assigned to make the investigation of any complaint in which waiver of jurisdiction is being considered to develop fully all available information which may bear upon the criteria and factors set forth above. Although not all such factors will be involved in an individual case, the Judge will consider the relevant factors in a specific case before reaching a conclusion to waive juvenile jurisdiction and transfer the case to the U. S. District Court for the District of Columbia for trial under the adult procedures of that Court.”
The waiver order of the juvenile judge in this case and the record presented here disclose that the appellant was not denied due process, and that there was substantial compliance with those of the guide lines promulgated by the Supreme Court of the United States in the Kent case which were involved in this individual case. Whereupon, the judgment or order appealed from should be and hereby is affirmed.
Affirmed.

. “This Cause coming on to be heard upon the Petition of Willie J. Matthews, Assistant Probation Officer of this Court, alleging that said child on or about January 30, 1968, at or near the Miami Jackson High School, 1751 N. W. 36th Street, Miami, Dade County, Florida, with premeditation did murder a human being named Linda Lipscomb by means of shooting her with a small caliber revolver and the Court having received testimony, under oath; observed the candor and demeanor of the witnesses who testified; examined the evidence presented and being fully advised in the premises does hereby make the following findings of fact:
“(1) That said child, [B.P.W.] appeared personally, along with her parents and was represented by counsel.
“(2) That said child is 17 years of age and was 16 years of age at the time of the alleged violation of law.
“ (3) That said child, if an adult, would be charged with the following violation of Florida Law constituting a felony, to-wit: murder.
“(4) That the Court, after hearing testimony pertaining to waiver of jurisdiction and after full investigation and careful consideration, does find, that due to the seriousness of the alleged violation of Florida Law contained in the within Petition, the age of said child and the results of the psychological and psychiatric evaluations performed pursuant to Order of the Court, that said child is not a suitable candidate for the rehabilitation program of the Juvenile Court; that it is in the best interest of the public that jurisdiction be waived and said child be transferred to the Circuit Court of Dade County, Florida, for further proceedings in that Court.
“It is therefore Ordered and Adjudged that jurisdiction of [B.P.W.] is hereby waived in accordance with Florida Statutes 39.02(6) and this matter is hereby certified this day to the Circuit Court of Dade County, Florida, and said child is placed in the Custody of the Sheriff of this County to be held in the Dade County Jain to await further proceedings in Circuit Court in connection therewith and as otherwise provided by the Laws of this State.
“Let the Sheriff of this county and the State Attorney and the Clerk of the Circuit Court be furnished with a certified copy of this Order in keeping herewith.”