PER CURIAM.
This appeal is by a juvenile, from an order of the juvenile and domestic relations court of Dade County waiving jurisdiction in favor of “the court which would have jurisdiction of the child if the child were an adult.” The waiver of jurisdiction was made under § 39.02(6) (a), Fla.Stat., F.S.A.[1]
The appellant advances three arguments: first, that the hearing on which the waiver order was made was not a hearing pertaining to waiver of jurisdiction; second, that the order failed to state adequate reasons for waiving jurisdiction; and, third, that the severity of the offense was not of itself enough to support the waiver order. On *136 consideration of those contentions of the appellant in the light of the record, briefs, and arguments of counsel, we conclude they are without merit.
The record discloses there were two hearings. The first was on March 19, 1968, following the filing by a probation officer of three delinquent petitions against the appellant. In one of the petitions it was charged that on or about March 1, 1968, the appellant forced his way at gun point into the home of a named woman, and then raped her and robbed her of money in excess of $100 and took her automobile. Another of the petitions charged that on or about March 6, 1968, the appellant attempted to rob one Estus H. Magoon, and that he robbed one Vashti L. Magoon and kidnapped the latter. The third petition charged the appellant with having committed armed robbery on one Janice T. Joseph on or about March 6, 1968. At the hearing on March 19, 1968, evidence was presented bearing on the allegations of the first mentioned petition, following which an assistant state attorney who was present moved that the juvenile “be bound over to the Dade County Grand Jury to stand trial as an adult on the charge of rape.” Thereupon the attorney for the juvenile moved for a psychiatric examination. The court reserved ruling, pending such further evaluation. After psychiatric examination as ordered by the court, the matter came on for further hearing on May 17, 1968, following which the waiver order was entered. In that order the juvenile judge, after reciting the offenses alleged in the above described petitions, found and ordered as follows:
“(1) That said child, [J. E. M.], appeared personally along with his Court-appointed Guardian Ad Litem and counsel.
“(2) That said child is IS years of age.
“(3) That said child, if an adult, would be charged with the following violations of Florida Law constituting a felony; to-wit: rape, robbery, automobile theft and kidnapping.
“(4) That the Court after full investigation and consideration does find, that due to the seriousness of the alleged violations of Florida Law contained in the within Petitions and the results of the psychological and psychiatric examination performed pursuant to Order of the Court, that said child is not a suitable candidate for the rehabilitation program of the Juvenile Court; that it is in the best interest of the public that jurisdiction be waived and said child be transferred to the appropriate adult Court having jurisdiction if said child were an adult.
“Wherefore, in view of the foregoing findings of fact, it is hereby Ordered and Adjudged That:
“(1) Jurisdiction of [J. E. M.] is hereby waived in accordance with Florida Statutes 39.02(6) [F.S.A.] and this matter is hereby certified this day to the appropriate adult Court of Dade County, Florida and said child is placed in the custody of the Sheriff of this County to be held in the Dade County Jail to await further proceedings in the receiving Court in connection therewith and as otherwise provided by the Laws of this State.
“(2) Pending Motions in connection with additional psychiatric examinations are hereby denied.
“(3) Let the Sheriff of this County and the State Attorney be furnished with a certified copy of this Order in keeping herewith.”
From the foregoing it appears that the attorney representing the juvenile at the first hearing was sufficiently apprised that the matter before the juvenile court at that hearing and at the subsequent hearing involved consideration of whether juris *137 diction should be waived for an adult trial in the appropriate court. We hold that the order in question was entered after an appropriate hearing-. On its face the order shows that in waiving jurisdiction the juvenile judge took into consideration the age of the juvenile, the severity of the offenses (rape, robbery, automobile theft and kidnapping), “the results of the psychological and psychiatric examination performed pursuant to order of the court” from which the judge concluded the child was not a suitable candidate for the rehabilitation program of the juvenile court, and on the basis of those considerations concluded that jurisdiction be waived in favor of trial of the juvenile as an adult, “in the best interest of .the public.”
We are of the opinion that in so proceeding and ruling, the trial court acted in sufficient compliance with the applicable standards enunciated by the United States Supreme Court in connection with its decision of the case of Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84, and we affirm the order, on the authority of the recent decision of this court cited in footnote No. 1.
Affirmed.

. In a recent such case (B. P. W. v. State, Fla.App.1968, 214 So.2d 365, opinion filed September 25, 1968) we summarized the pertinent provisions of the cited statute as follows: “The statute there provides that when a child of fourteen years or older is brought into the juvenile court as a delinquent, who if adult would be charged with a violation of Florida law constituting a felony, the initial step toward waiver is that the matter be one which the juvenile judge ‘deems’ should be transferred to the court which would have jurisdiction for trial of the crime charged if committed by an adult. Thereupon, after a hearing pertaining to waiver, a waiver order may be made if ‘the judge shall, by written order, determine that it is in the best interest of the public that jurisdiction bo waived.’ The statute then proceeds to recognize that such ‘finding,’ as it is there called, may be based on social histories or psychological or psychiatric reports, by providing that where so based the child, his parents, guardian or counsel shall have the right to examine such reports and to question the parties responsible for them at hearing in the juvenile court.”