PER CURIAM.
By separate delinquent petitions filed by an assistant probation officer of the juvenile and domestic relations court of Dade County, the appellant, then sixteen years of age, was charged with having committed four separate acts of armed robbery, one on or about March 1,-and three on or about March 6, 1968. After certain preliminary hearings, a hearing relating to waiver was held, attended by appellant and his appointed attorney. Thereupon the juvenile judge, as empowered in such circumstance by § 39.02(6) (a), Fla.Stat., F.S.A., entered an order waiving jurisdiction in favor of the court which would have had jurisdiction for trial of the offense or offenses had they been committed by an adult.
In the order, the juvenile judge recited the offenses charged, noted they constituted felonies under Florida law, stated that the court had received evidence relating to the alleged law violations, and sociological reports, and that the latter had been made available for examination for the child and his attorney. The judge noted there was substantial evidence that the child in question had committed or taken part in the commission of the alleged violations of law, which he characterized as being “of a flagrant nature involving brazen daylight armed robberies of persons in their homes and places of business.” It was found that the child was physically mature and was to become 17 years of age within a month after the date of the order. Following those findings the order stated: “That in consideration of the foregoing and having received the testimony and evidence and observed the demeanor of the witnesses it is the finding of the court that it is in the best interests of the public and of the child in these cases that jurisdiction be waived and the cases certified to the appropriate adult Court.”
On this appeal from that order, filed by the child under § 39.14(1) Fla.Stat., F.S.A., the contentions presented are (1) that the order is insufficient on its face for failure to state adequate reasons for the waiver, and (2) that severity of the offense is not by itself enough to support waiver of jurisdiction by the juvenile court.
On consideration of the record and the briefs and argument of counsel, we hold that those contentions as addressed to this waiver order are without merit. The order stated adequate and cogent reasons sufficient in law to prompt and support the waiver, and it is apparent from the order that it was not motivated solely by the severity of the offense or offenses involved. See, recently decided by this court, In the Interest of: B. P. W. v. State, Fla.App. 1968, 214 So.2d 365 (opinion filed September 25, 1968); and In the Interest of J. E. M. v. State, Fla.App. 1968, 217 So.2d 135 (opinion filed November 21, 1968).
Accordingly, the order appealed from is affirmed.