**Dale Austin SHELTON, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–76–272.**

Court of Criminal Appeals of Oklahoma.

Sept. 30, 1976.

Rehearing Denied Oct. 19, 1976.

R. C. Garland, Jr., Pauls Valley, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Doug Combs, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Dale Austin Shelton, hereinafter referred to as defendant, was charged in the District Court, Garvin County, Case No. CRF–74–491, with the offense of Rape in the First Degree, in violation of 21 O.S.1971, § 1114. The defendant, a juvenile, was previously certified as an adult in Case No. JFJ–74–25. The defendant was tried by a jury, convicted and sentenced to the State penitentiary for a term of five (5) years. From this judgment and sentence, the defendant has perfected a timely appeal.

Due to the nature of the determinative issues raised by the defendant's brief, it will not be necessary to recite the evidence presented at trial, nor consider any other than the first two assignments of error.

■   The defendant's first assignment of error is that the defendant was improperly certified to stand trial as an adult. The defendant contends that the court, at the certification hearing, did not take into consideration all the guidelines set out by 10 O.S.1971, § 1112, as amended May, 1974, as prerequisite to the certification of minors. This Court cannot agree with this contention.

■   It is apparent from a review of the record that the Juvenile Court did properly take into consideration the guidelines set out by 10 O.S.1971, § 1112, in reaching its decision to certify the defendant. This Court stated in *J.T.P. v. State*, Okl.Cr., 544 P.2d 1270 (1975), in the construction of 10 O.S.1971, § 1112, that:

"It is, of course, not necessary that the court's consideration be arithmetically proportioned among these eight factors or that each of the statutory factors be clearly decided against the claim of the child. We interpret Section 1112(b) to require two ultimate findings as prerequisite to a valid certification order. The first of these is a finding that there is prosecutive merit to the complaint, which statutory phrase we construe to require a finding that a crime has been committed and that there is probable cause to believe that the accused child committed it. The second ultimate finding required is that the child is not a fit subject for rehabilitation by the facilities and programs available to the juvenile court." at 1279 (Footnote omitted)

Of course, such finding will involve a consideration of varying emphasis of all of the factors.

■   Furthermore, this Court has held that it is in the discretion of the juvenile judge to rule whether a child is unfit for rehabilitation, but that due process requires that, in addition to procedural regularity, there must be "substantial evidence" upon which to base this decision. This Court

decided in *Calhoun v. State,* Okl.Cr., 548 P.2d 1037 (1976), that the case must be considered as a whole and not piecemeal. The proof is not necessarily insufficient even if each line of proof taken by itself is of insufficient probative force; the lines of proof must be considered together and not separately.

We find that the juvenile judge in this case had substantial evidence upon which to base his decision as to whether or not the defendant knew right from wrong and was amenable to rehabilitation by facilities available to juvenile courts. The uncontroverted testimony of the defendant's mother provided the court with information as to the defendant's previous history in relation to previous contacts, if any, with community agencies, law enforcement agencies, schools, juvenile courts, etc., in addition to his home and environmental situation. Further, information about the crime in question was a matter of record.

It is apparent from the statements made by the juvenile judge in Case No. JFJ–74–25 (Tr. 67–72), wherein the judge set forth his reasons for certification, that he considered the guidelines set out by statute in weighing the evidence and reached the decision that the defendant was not amenable to rehabilitation by the use of procedures and facilities currently available to the juvenile court. For the above reasons we find the defendant's first assignment of error to be without merit.

■ · The defendant's second assignment of error is that the defendant, who was 17 years old at the time of the commission of the offense, cannot be guilty of first degree rape. This Court, in *King. v. State,* Okl.Cr., 518 P.2d 889 (1974), held that under 21 O.S.1971, § 1114, a male under the age of 18 years cannot be guilty of first degree rape and when "an accused is judicially determined to be under the age of eighteen (18) years in a juvenile proceeding required by law, it becomes the duty of the State and the trial court to reduce immediately a charge of first degree

rape to second degree rape." Also see, *Frazee v. State,* 70 Okl.Cr. 224, 153 P.2d 637 (1944). Here, as in the case of *King v. State,* supra, the State had knowledge of the defendant's age and justice requires that the trial court take judicial notice of the same and order an immediate reduction of the charge to second degree rape.

In accordance with *King v. State,* supra, the judgment and sentence appealed from is *REVERSED* and the case is *REMANDED* for a new trial on a reduced charge of Rape in the Second Degree.

BRETT, P. J., and BLISS, J., concur.