STATE of Utah, In the Interest of Stephen Wayne ATCHESON (06–05–59), a person under eighteen years of age.

No. 15085.

Supreme Court of Utah.

Jan. 24, 1978.

Gary L. Barnett and Patricia DeMichele of Utah Legal Services, Salt Lake City, for appellant.

Robert B. Hansen, Atty. Gen., Frank B. Matheson, Asst. Atty. Gen., Olof A. Johansson, Salt Lake Deputy County Atty., Salt Lake City, for respondent.

HALL, Justice:

This appeal is from a certification order of the juvenile court which we dismissed on August 18, 1977, as not being from a final appealable order. The matter is again before us on rehearing granted October 3, 1977.

Petitions were filed against appellant alleging the offenses of second degree murder[1] and aggravated robbery,[2] both of which are felonies if committed by an adult. Pursuant to statute,[3] the Salt Lake County Attorney moved for certification to the district court for criminal proceedings. The motion was granted, hence this appeal.

Appellant asserts as error 1) the refusal of the court to conduct a probable cause hearing; 2) its abuse of discretion in ordering certification; and 3) the denial of statutory and constitutional right of treatment as a juvenile.

The investigation and hearing conducted determined that appellant was 17 years of age when both of the alleged offenses were committed, having been born on June 5, 1959. Murder was the subject of the first petition, followed by that of robbery alleged to have been perpetrated while appellant was under the court's jurisdiction and supervision (on home detention) awaiting disposition of the first petition.

Prior to the certification hearing the court placed the appellant at the Utah State Industrial School for a 30-day psychological and, if necessary, psychiatric evaluation to determine the suitability of that facility for treatment. Those reports and recommendations were available at the hearing and testimony was received from the intake officer, a psychologist and a psychiatrist, all of whom recommended certification so as to afford control over appellant's behavior longer than would be possible under the juvenile system.[4]

Appellant was permitted to cross-examine all witnesses called by the State. He chose not to call any witnesses but made a proffer of evidence that the offenses were committed without aggressiveness, violence, premeditation or wilfulness. The court declined the proffer, taking the view that such evidence was not material to the proceeding.

We must first resolve the issue of the appealability of the certification order before the merits of the appeal may be considered.

■ Appeals from juvenile court orders, decrees and judgments are provided for by statute[5] which has been interpreted to mean *final* orders.[6] Whether certification is a final order, and thus appealable, is a matter of first impression before this court.

The certification statute[7] itself is helpful in determining a number of the issues raised as well as the final nature of the order in question. It reads as follows:

Felony committed by child—Hearing and certification to district court. If the petition in the case of a person fourteen years of age or older alleges that he committed an act which would constitute a felony if committed by an adult, and if *the court after full investigation and a hearing* finds that it would be contrary to the best interests of the child or of the public to retain jurisdiction, the court *may enter an order certifying* to that effect and directing that the child be held for criminal proceedings in the district court, *with a hearing before a committing magistrate to be held as in other*

1. U.C.A.1953, 76–5–203(1)(a).

2. U.C.A.1953, 76–6–302(1)(a).

3. U.C.A.1953, 78–3a–25.

4. U.C.A.1953, 64–6–13, prohibits commitment beyond age 19.

5. U.C.A.1953, 78–3a–51.

6. *In re State in Interest of Persinger,* 19 Utah 2d 186, 429 P.2d 37 (1967).

7. Supra, note 3.

*felony cases.* The provisions of section 78–3a–35 and other provisions relating to proceedings in children's cases shall, to the extent they are pertinent, be applicable to the hearing held under this section.

*When a criminal complaint is filed* in a court of competent jurisdiction charging the child with the offense certified under this section, the *jurisdiction of the juvenile court is terminated* as to the child or person concerned. [Emphasis added.]

The fact that jurisdiction is specifically *terminated* by the statutory provisions at such time as a complaint is filed is clearly indicative of the finality of a certification order. From and after that time jurisdiction is irrevocably transferred to the district court. Since the county attorney in this case was the one who sought the certification he has no doubt either already filed the necessary complaint or will do so depending upon the outcome of this appeal.

The various legislative and judicial protections that have been developed for juveniles are effectively and finally foreclosed by a certification order. Not the least of these are the considerably lesser sanctions generally imposed under the juvenile system compared with those of the adult system.

The foregoing observations compel our determination that a certification order is a final, appealable order. Although there is disagreement among our sister states, several hold as we now do.[8]

■ Appellant's initial assignment of error bears upon a claimed right to a preliminary hearing as in the case of proceedings before committing magistrates seeking bindovers in felony cases. No such right is

provided for in the statute[9] until the district court has received the matter after certification and that procedure does not deprive him of procedural and substantive due process.[10] In any event, the facts of this case clearly demonstrate that the requirements of due process were met.

■ Appellant was represented by counsel, the judge duly considered the nature of the alleged criminal offense, and the relative merits of the rehabilitative resources of the juvenile system as compared with the adult system in the event guilt was ultimately determined.

■ A certification hearing is not a criminal proceeding, but is civil in nature.[11] Its purpose is not to ascertain whether the child committed the alleged offense or even if there was probable cause to so believe, but rather to determine if the best interests of the child or of the public would be served by retaining jurisdiction.[12] It is incumbent upon the judge to anticipate the real possibility of an ultimate adjudication of guilt and thus to view the relative merit of the juvenile and adult systems in that light.

Appellant's record and third assignments of error asserting an abuse of discretion in ordering certification resulting in a denial of a "right" to treatment as a juvenile are inseparable and hence are considered together.

■ The decision to certify was based upon substantial evidence and was well within the relevant criteria adopted by juvenile court rule.[13] It was a reasonable exercise of discretion[14] which must be sus-

---

**8.** *In re Maricopa County, Juvenile Action No. J–73355,* 110 Ariz. 207, 516 P.2d 580 (1973); *P. H. v. State,* Alaska, 504 P.2d 837 (1972); In re Doe, N.M.App., 85 N.M. 691, 519 P.2d 133 (1974); *State ex rel. Juvenile Dept. of Marion Cty. v. Johnson,* 11 Or.App. 313, 501 P.2d 1011 (1972).

**9.** Supra, note 3.

**10.** See *In re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); *In re Lindh,* 11 Utah 2d 385, 359 P.2d 1058 (1961).

**11.** U.C.A.1953, 55–10–105(1).

**12.** *State v. Piche,* 74 Wash.2d 9, 442 P.2d 632 (1968).

**13.** Rule 7.7, Juvenile Court Rules of Practice & Procedure; also, see *Shelton v. State,* Okl.Cr., 554 P.2d 1378 (1976).

**14.** *State in Interest of Salas,* Utah, 520 P.2d 874 (1974).

tained under well recognized rules of appellate review.[15]

In regard to appellant's claim of "right" to treatment in the juvenile system, there simply is no such right.[16] The system is designed to treat juveniles in a less restrictive environment than in the adult system whenever possible, but necessarily there are exceptions.

The judge specifically recognized the serious nature of the alleged offenses and the indicated need for future public protection from the child beyond the age of 19 years, the date of his release from the Utah Industrial School if jurisdiction were retained. The court considered the various reports and recommendations of the various social agencies involved, including those of a psychologist and a psychiatrist, all of which support the reasonableness of his conclusion that if rehabilitation is to occur at all it necessarily must come about over a period of time far longer than that available by law under the juvenile system.

We find no abuse of discretion in either the conduct of the hearing or in the decision and we therefore affirm the order of certification.

MAUGHAN and WILKINS, JJ., concur.

CROCKETT, Justice (concurring in result but dissenting in part):

I concur in the determination made in the main opinion that the juvenile court proceeded correctly and acted properly in certifying the case to the district court for trial, as this Court had ruled in its order of August 18, 1977. However, I cannot agree, either that the rehearing should have been granted or that the certification order was a final and appealable judgment.

The procedure and certification to the district court is but the transfer of the case from one court to another court of concurrent jurisdiction in the case. It is not different in principle to a change of venue from one such court to another. There is not only no "final judgment" in the case, there is no judgment at all. In the case of *In Re Persinger,* 19 Utah 2d 186, 429 P.2d 37, this Court rejected the idea that any such interim orders could be appealed. For a good statement and sound ruling on that proposition see also *D. H. v. People,* Colo., 561 P.2d 5.

It is my judgment that holding interim orders of this character to be final and appealable judgments is squarely contrary to both law and logic; and that it has these highly undesirable effects: it puts another weapon in the hands of those who would obstruct and delay the processes of justice; and it opens the way to placing unnecessary burdens on this Court.

ELLETT, C. J., concurs in the concurring opinion of CROCKETT, J.

---

**15.** *Bambrough v. Bethers,* Utah, 552 P.2d 1286 (1976).

**16.** *Kent v. United States,* 383 U.S. 541, 86 S.Ct. 1045, 46 L.Ed.2d 84 (1966).