**STATE of Utah, in the Interest of M.C., a person under eighteen years of age.**

**M.C., Appellant,**

**v.**

**STATE of Utah, Appellee.**

**No. 950787–CA.**

Court of Appeals of Utah.

May 2, 1996.

---

Joan C. Watt, Mark R. Moffat, and Robert K. Heineman, Salt Lake City, for Appellant.

Jan Graham, Christine F. Soltis, J. Kevin Murphy, and Frederic J. Voros, Salt Lake City, for Appellee.

Before DAVIS, BILLINGS, and WILKINS, JJ.

## OPINION

BILLINGS, Judge:

This is an appeal from a juvenile court transfer order, pursuant to the Serious Youth Offender Act, Utah Code Ann. § 78–3a–25.1 (Supp.1995), concluding M.C., a juvenile, should be bound over to stand trial in the district court as an adult and terminating the jurisdiction of the juvenile court. The narrow first impression issue before this court is whether the juvenile court's transfer order constitutes a final, appealable order and therefore whether this court has jurisdic-. tion. We conclude the transfer order is a final order and therefore we have jurisdiction to hear the instant appeal.

## FACTS

Pursuant to the recently enacted Serious Youth Offender Act (the Act), the State filed a criminal information in the juvenile court charging M.C. with aggravated robbery, a first degree felony in violation of Utah Code Ann. § 76–6–302 (1995), and a firearm sentencing enhancement pursuant to Utah Code Ann. § 76–3–203 (1995). As required by the Act, the juvenile court judge conducted a hearing to determine whether there was probable cause to believe the crime of aggravated robbery had been committed, whether M.C. had committed it, and whether there were other relevant factors present which would prevent the transfer of the case to the district court. *See* Utah Code Ann. § 78–3a–25.1 (Supp.1995). The juvenile court judge determined M.C. should "be bound over and held to answer in the district court in the same manner as an adult." *Id.* M.C. filed a timely notice of appeal from this order.

## ISSUE

The single issue presented by this appeal is whether the juvenile court's transfer order, terminating that court's jurisdiction and binding defendant over to stand trial in the district court, constitutes a final, appealable order.

## ANALYSIS

The language of the Serious Youth Offender Act, Utah Code Ann. § 78–3a–25.1 (Supp. 1995), is helpful in determining whether the juvenile court's order is a final, appealable order. The Act reads, in pertinent part:

(1) Any action filed by a county attorney, district attorney, or attorney general charging a juvenile 16 years of age or older with a felony shall be filed by criminal information and filed in the juvenile court if the information charges any of the following offenses:

(a) any felony violation of:

. . . .

(v) Section 76–6–302, aggravated robbery;

. . . .

(3)(a) If the information alleges the violation of [section 76–6–302, aggravated robbery], the state shall have the burden of going forward with its case and the burden of proof to establish probable cause to believe that [aggravated robbery] has been committed and that the defendant committed it. . . .

(b) *If the juvenile court judge* finds the state has met its burden under this subsection, *the court* shall order that the defendant be bound over and held to answer in

the district court in the same manner as an adult unless *the juvenile court judge finds* that all of the following conditions exist:

(i) the juvenile has not been previously adjudicated delinquent for an offense involving the use of a dangerous weapon which would be a felony if committed by an adult;

(ii) that if the offense was committed with one or more other persons, the juvenile appears to have a lesser degree of culpability than the codefendants; and

(iii) that the juvenile's role in the offense was not committed in a violent, aggressive, or premeditated manner.

. . . .

(5) At the time of a bind over to district court a criminal warrant of arrest shall issue. The defendant shall have the same right to bail as any other criminal defendant and shall be advised of that right by the juvenile court judge.

. . . .

(8) A juvenile who is bound over to answer as an adult in the district court under this section . . . is not entitled to a preliminary examination in the adult court.

Utah Code Ann. § 78–3a–25.1 (Supp.1995) (emphasis added). Moreover, section 78–3a–25(12) provides with our emphasis that "[w]hen a juvenile . . . *is ordered held for trial in the district court under Section 78–3a–25.1, . . . the jurisdiction of the juvenile court over the juvenile is terminated.*" *Id.* § 78–3a–25(12). Furthermore, the juvenile code affords juveniles a number of unique protections which are foreclosed by the transfer order.[1]

Relying on this statutory language and the Utah Supreme Court's decisions in *State ex rel. Atcheson*, 575 P.2d 181 (Utah 1978) and *State v. Bell*, 785 P.2d 390 (Utah 1989), both the State and M.C. contend we have jurisdiction to review the juvenile court's order terminating that court's jurisdiction and order-

ing M.C. to stand trial in the district court as an adult. In *Atcheson*, the court held a juvenile court's order certifying a juvenile to stand trial in adult court, pursuant to Utah Code Ann. § 78–3a–25 (Supp.1995), is a final, appealable order. 575 P.2d at 183. The court "considered and found supportive the language of the juvenile certification statute itself indicating that jurisdiction is terminated by the statutory provisions at such time as a criminal complaint is filed and the fact that the various legislative and judicial protections provided for juveniles are effectively foreclosed by a certification order." *Bell*, 785 P.2d at 405 (citing *Atcheson*, 575 P.2d at 181); *see* Utah Code Ann. § 78–3a–25(12) (Supp.1995). Indeed, in *Atcheson*, the supreme court concluded its determination that a juvenile court certification order is an appealable order was compelled by "[t]he fact that jurisdiction is specifically *terminated*" and that the "lesser sanctions" and other "legislative and judicial protections" afforded to juveniles would thereafter cease upon such certification. *Atcheson*, 575 P.2d at 183.

Again, in *Bell*, the supreme court determined these same considerations applied to an order denying a juvenile's petition for recall of exclusive juvenile court jurisdiction filed after the court had certified the matter to the district court. 785 P.2d at 405. The court concluded *Atcheson* was controlling precedent "as it involve[d] the final appealable nature of an order based upon a petition or hearing for recall." *Id.*

We are persuaded that *Atcheson* and *Bell* mandate that the juvenile court's order terminating its jurisdiction under section 78–3a–25.1 is a final, appealable order. The supreme court did not hold that it is the "certification" or "recall" processes that makes the orders in *Atcheson* and *Bell* immediately appealable; rather, it is the fact that the orders effectively *terminate* the juvenile court's jurisdiction that gives them the requisite finality to be appealable as of right under Utah Code Ann. § 78–3a–51 (1992). Thus, whether the

---

1. In part, sections 78–3a–29 and –30 contain certain requirements relating to pre-adjudication detention. Utah Code Ann. § 78–3a–29, –30 (Supp.1995). Further, section 78–3a–44 provides that juvenile court procedures are civil in nature and as such, a juvenile does not obtain a formal criminal arrest record. *Id.* § 78–3a–44. Finally, section 78–3a–55 provides that juveniles have basic rights regarding fingerprints and photographs and guarantees that matters in the juvenile court are confidential. *Id.* § 78–3a–55.

termination of the juvenile court's jurisdiction occurs by certification, denial of a recall petition, or bindover makes no difference: in each case the juvenile court's order is final in that it ends the jurisdiction of the juvenile court and transfers jurisdiction to the adult district court.[2] *See* Utah Code Ann. § 78–3a–25(12) (Supp.1995) ("When a juvenile has been certified to the adult criminal judicial system under Section 78–3a–25, ... or the juvenile is ordered held for trial in the district court under Section 78–3a–25.1, ... the jurisdiction of the juvenile court over the juvenile is terminated...."). Moreover, when such an order is entered, the "lesser sanctions" and unique "legislative and judicial protections" afforded juveniles are "effectively and finally foreclosed." *Atcheson*, 575 P.2d at 183.

Furthermore, we are not persuaded that *State v. Humphrey*, 823 P.2d 464 (Utah 1991), a more recent case, requires a different result. *Humphrey* stands for the proposition that a magistrate's order, following a preliminary examination in circuit court binding over an adult criminal defendant, is *not* a final, appealable order. *Id.* at 467. In reaching this decision, the supreme court specifically relied upon the Utah Rules of Criminal Procedure and statutes applying to adult criminal proceedings.

The court relied on Rule 7 of the Utah Rules of Criminal Procedure providing that when a defendant is charged with a felony, he or she is entitled to a preliminary hearing before a judge acting as a magistrate, *see* Utah R.Crim.P. 7, and found that pursuant to this rule, the record in *Humphrey* was not created in the circuit court or any other court of record; rather, the record was created before a magistrate. *Humphrey*, 823 P.2d at 467. The court stated "[a]lthough the magistrate in each case also happened to be a circuit court judge (as is true in most cases), our statutory provisions make an unmistakable distinction between the functions and powers of a judicial officer acting as magistrate and one acting as judge of a court [of record]." *Id.* The court reasoned:

[A] magistrate's statutory role is to assist courts of record in various preliminary matters in felony cases and to be more extensively involved with misdemeanor cases. A magistrate's contribution to a felony proceeding is entirely nonadjudicative: "A preliminary hearing is not a trial, and a magistrate ... does not sit as a judge of a court and exercises none of the powers of a judge...." [*Van Dam v.*] *Morris*, 571 P.2d [1325] at 1327 [Utah 1977].... Because magistrates are not courts of record when they conduct preliminary hearings and issue bindover orders, under the current jurisdictional statutes their orders are not immediately appealable.

*Id.* at 467–68 (footnote omitted). Thus, the court determined the decision of a magistrate to bind over an adult criminal defendant to stand trial in district court is not a final order and therefore is not immediately appealable. *Id.* at 468.

Unlike adult bindover proceedings, which are conducted in accordance with Rule 7 of the Utah Rules of Criminal Procedure regarding the powers of a magistrate, the juvenile bindover in the instant matter was conducted pursuant to Utah Code Ann. § 78–3a–25.1 (Supp.1995). Under the express language of this statute, the juvenile court judge acts as a *"juvenile court judge"* when he or she determines whether to terminate the juvenile court's jurisdiction and transfer jurisdiction to the adult court. Utah Code Ann. § 78–3a–25.1 (Supp.1995) (emphasis added). Likewise, the statute provides the proceed-

---

**2.** The majority of courts allow direct appeals from orders transferring juvenile matters for criminal proceedings. *See P.H. v. State*, 504 P.2d 837 (Alaska 1972); *Graham v. Ridge*, 107 Ariz. 387, 489 P.2d 24 (1971); *Agnew v. Superior Court*, 118 Cal.App.2d 230, 257 P.2d 661 (1953); *In re Doe I*, 50 Haw. 537, 444 P.2d 459 (1968); *Templeton v. State*, 202 Kan. 89, 447 P.2d 158 (1968); *Aye v. State*, 17 Md.App. 32, 299 A.2d 513 (1973); *State v. Loray*, 46 N.J. 179, 215 A.2d 539 (1965); *In re Doe*, 86 N.M. 37, 519 P.2d 133 (Ct.App.1974); *State v. Yoss*, 10 Ohio App.2d 47, 225 N.E.2d 275 (1967); *State v. Little*, 241 Or. 557, 407 P.2d 627 (1965), *cert. denied*, 385 U.S. 902, 87 S.Ct. 208, 17 L.Ed.2d 133 (1966); *In re Houston*, 221 Tenn. 528, 428 S.W.2d 303 (1968); *Dillard v. State*, 477 S.W.2d 547 (Tex.Crim.App. 1971); *see also Guenther v. State*, 279 Ala. 596, 188 So.2d 594 (1966); *B.P.W. v. State*, 214 So.2d 365 (Fla.Dist.Ct.App.1968); *J.E. v. State*, 127 Ga. App. 589, 194 S.E.2d 288 (1972); *State v. Gibbs*, 94 Idaho 908, 500 P.2d 209 (1972); *Atkins v. State*, 259 Ind. 596, 290 N.E.2d 441 (1972); *Lewis v. State*, 86 Nev. 889, 478 P.2d 168 (1970); *Knott v. Langlois*, 102 R.I. 517, 231 A.2d 767 (1967).

ings are "before the juvenile court." *Id.* In relevant part, the statute provides with our emphasis:

> 3(b) If the *juvenile court judge* finds the state has met its burden under this subsection, the *court* shall order that the defendant be bound over and held to answer in the district court in the same manner as an adult unless the *juvenile court judge* finds that all of the following conditions exist. . . .

*Id.* By its plain language, the statute does not mention nor infer the term "magistrate." Rather, the statute clearly establishes that a juvenile court judge acts as a juvenile court judge, not a magistrate, when he or she conducts a hearing and makes the required findings pursuant to section 78–3a–25.1.

Again, in *Humphrey,* the supreme court noted that the appellate jurisdiction statutes gave this court jurisdiction over appeals from circuit courts and other courts of record and held that because the appeal in that case came from the decision of a magistrate, i.e., not a court of record, this court did not have jurisdiction to hear the appeal. *Humphrey,* 823 P.2d at 467; *see* Utah Code Ann. § 78–2a–3(2)(d) & (e) (1995). No such problem exists in the instant case. Section 78–3a–51 gives this court jurisdiction to review on appeal final orders of the juvenile court. Utah Code Ann. § 78–3a–51 (1992); *see Atcheson,* 575 P.2d at 182 (interpreting section 78–3a–51 to apply to final orders only).

Thus, the rule announced in *Humphrey* that magistrate bindover orders are not appealable is inapposite to juvenile court orders transferring jurisdiction to adult courts.[3]

## CONCLUSION

We conclude the transfer order terminating the juvenile court's jurisdiction pursuant to the Serious Youth Offender Act is a final order and M.C. has an appeal as of right pursuant to section 78–3a–51 of the Utah Code. We therefore have jurisdiction to consider the issues raised in the underlying appeal.

---

**3.** Finally, even if this court were to find that pursuant to *Humphrey* a juvenile court judge acts as a magistrate, and not a judge in a court of record, when he or she issues a bindover order pursuant to section 78–3a–25.1, that decision may nonetheless constitute a final order if the "magistrate" does more than simply "move the case along." *State v. Jaeger,* 886 P.2d 53, 54–55 (Utah 1994). From a review of the statute, we conclude the juvenile court judge does do more than move the case along or simply determine "the case will proceed." *Id.* When determining whether to terminate the jurisdiction of the juvenile court, the judge considers criteria which fall outside the traditional role of a magistrate at a preliminary hearing. A judge acting pursuant to section 78–3a–25.1 not only determines whether there is probable cause to believe that a crime has been committed and that the defendant committed it, the juvenile court judge also determines whether there are certain other factors present which prevent the transfer of the case, and thus whether the court's jurisdiction should

be terminated. Those factors include a determination of whether the juvenile has previously been adjudicated delinquent for a similar offense, whether the offense was committed with one or more persons and if so whether the defendant's culpability was less than his or her codefendants, and whether the juvenile's role was committed in a violent, aggressive, or premeditated manner. Utah Code Ann. § 78–3a–25.1(3)(b)(i)–(iii) (Supp. 1995).

Moreover, this type of inquiry requires more than a preliminary determination of whether the jurisdictional threshold has been met for a trial in district court; rather, the inquiry involves an adjudication and thus a "judgment" of whether juvenile court jurisdiction and its concomitant protections and privileges should terminate with respect to a particular youth. Such a determination necessarily involves adjudicatory considerations above and beyond the merely "magisterial" functions of a magistrate in an adult preliminary hearing.