**STATE of Utah, In the Interest of T.D.C., A Person Under Eighteen Years of Age.**

**No. 870425–CA.**

Court of Appeals of Utah.

Jan. 5, 1988.

Scott Groene, DNA–People's Legal Services, Inc., Mexican Hat, for T.D.C.

Diane Wilkins, Asst. Atty. Gen., Salt Lake City.

Craig Halls, San Juan Co. Atty., Monticello.

Before DAVIDSON, GARFF and GREENWOOD, JJ. (On Law and Motion).

## MEMORANDUM DECISION

This appeal is before us on an application by Appellant, T.D.C., a minor, for a certificate of probable cause to stay, pending appeal, a juvenile court's order of temporary confinement for observation and assessment. We deny a stay and dismiss the appeal as not taken from a final order.

Appellant was involved in a high-speed automobile chase with two other youths to avoid a stop by a police officer for a minor traffic infraction. Although appellant was initially charged with attempted homicide, he ultimately pled guilty in juvenile court to the misdemeanor offense of "obstruct- ing justice." At a hearing on September 23, 1987, after considering a pre-disposition report, the juvenile court committed appellant to the temporary custody of the State Division of Youth Corrections "for up to ninety days of observation and assessment pending final disposition." A follow-up hearing for "final disposition" was also set.

Appellant immediately sought review of that order by appeal to this Court, urging that the juvenile court lacked jurisdiction under the Federal Indian Child Welfare Act, 25 U.S.C.A. § 1911(a)(1983), to separate appellant from his mother by even "temporary confinement". Upon consideration of the application for stay of the order, we questioned, sua sponte, whether that order was a final order under Rule 4(a), R.Utah Ct.App. for the purpose of our jurisdiction on appeal.

An appellant may only appeal from a final order of the juvenile court.[1] The finality of an order in juvenile proceedings is determined in a manner similar to judgments and orders in other matters. A final, appealable order is one that ends the current juvenile proceedings, leaving no question open for further judicial action. *In the Matter of the Appeal in Pima County Juvenile Action*, 135 Ariz. 278, 660 P.2d 1205, 1207 (1982), *cf. In re State in the Interest of Atcheson*, 575 P.2d 181, (Utah 1978). (An order certifying a juvenile to district court is a final, appealable order because it irrevocably terminates the jurisdiction of the juvenile court.) An order which does not completely determine the rights of the parties, including those of the juvenile child, is merely interlocutory in nature. *D.H. v. People*, 192 Colo. 542, 561 P.2d 5, 6 (1977) (*citing Stillings v. Davis*, 158 Colo. 308, 406 P.2d 337 (1965)).

The Colorado Supreme Court noted in *D.H. v. People:*

> It is imperative by reason of the age of the alleged offenders that their involvement in unlawful conduct be speedily resolved so that, in cases where the petition in delinquency is sustained, proper

---

1. *In re State in the Interest of Persinger*, 19 Utah 2d 186, 429 P.2d 37 (1967), (an order that a mother submit to a psychological examination is not a final, appealable order); *accord In re State in the Interest of Atcheson*, 575 P.2d 181, 182 (1978).

sanctions appropriate to juveniles vis-a-vis adults may be effectively imposed. The delay involved in appellate review of interlocutory orders would in many cases necessarily impede the proper function of the juvenile court.

*Id.* 561 P.2d at 6 n. 2.

In this case, the order and the juvenile judge's attendant comments at the hearing indicate that the order was not intended to be a final disposition of the matter. At the September 23rd hearing, the judge there stated:

> ... I'm going to commit T.D.C. to the Division of Youth Corrections for observation and assessment, for a period of 60 to 90 days....
>
> And the case will be continued for a further disposition upon his release from O & A and depending on the findings at that time, the Court will reserve judgment as to whether to consider any future placement thereafter, or to consider probation or some other additional disposition.

Further hearing for the contemplated final disposition was then scheduled for December 9, 1987.

Appellant argues that the order of temporary confinement was final because the judge selected one of the dispositional alternatives in Utah Code Ann. § 78–3a–39 (1986). This section enumerates approximately eighteen alternative remedies available in juvenile delinquency proceedings. The statute does not require that the selection of one of these alternatives necessarily constitutes a final, appealable disposition.

While most of the alternatives suggest a final appealable disposition, such need not always be automatic. A selection of certain of the several broad, discretionary choices available to the court need not result in a final disposition, particularly when a combination of multiple alternatives may be employed, as was clearly intended in this case. *See* Utah Code Ann. § 78–3a–39(17) (1987). Finality of an order should be determined by its content and not merely by whether a remedial action under this statute is employed.

The order for T.D.C.'s temporary confinement in a youth facility for the purpose of observation and assessment prior to a final disposition does not purport to finally dispose of all issues, the rights of T.D.C. and/or his mother as parental custodian. Nor does the general concept of the continuing jurisdiction of the juvenile court somehow transform this interlocutory ruling into a final order.

Accordingly, we dismiss the appeal for lack of jurisdiction and remand the matter to the juvenile court for further proceedings.[2]

---

**2.** Notwithstanding dismissal of this appeal for lack of a final order, we observe that appellant also would not be entitled to any stay or other relief under either Rule 27, U.R.Crim Proc. As noted, his only claim on appeal is that the juvenile court's authority to order confinement is preempted by the Indian Child Welfare Act. 25 U.S.C.A. §§ 1903, 1911 (1983). By the express language of § 1903(1) the term "child custody proceedings", in which the tribal court may exert exclusive jurisdiction, does not include "placement based upon an act which, if committed by an adult, would be deemed a crime ..." The exclusion of delinquent criminal behavior from the federal act is clear and unambiguous. It would be entirely inappropriate for this Court to presume that when Congress referred to "ju-venile acts which, if committed by an adult, would be deemed a crime" that it really only meant "serious criminal conduct" as defined by the Federal Juvenile Justice and Delinquent Preventions Act, 42 U.S.C.A. § 5603(14). Had Congress so intended such a restrictive definition of criminal conduct, it would have so provided. We do not consider the term "crime" to be ambiguous as appellant claims. The Indian Child Welfare Act simply has no application in juvenile delinquency proceedings.

Had we jurisdiction of this appeal, we would be constrained to deny a stay because the Indian Child Welfare Act has no application in this proceeding. The issue raised is wholly without merit. *State v. Neeley,* 707 P.2d 647 (Utah 1985).