922 P.2d 1282 (1996)
STATE of Utah, IN the INTEREST OF E.M., A.M., and F.M., persons under eighteen years of age.
STATE of Utah, Appellee,
v.
D.M., Appellant.
No. 960146-CA.
Court of Appeals of Utah.
August 29, 1996.
D.M., Kearns, Appellant Pro Se.
Jan Graham, Carol L.C. Verdoia, and Annina Mitchell, Salt Lake City, for Appellee.
Martha Pierce, Salt Lake City, Guardian Ad Litem.
Before ORME, DAVIS and GREENWOOD, JJ.

OPINION
PER CURIAM:
Appellant D.M. appeals from an adjudication order entered pursuant to Utah Code Ann. § 78-3a-310 (Supp.1996). The appeal *1283 is before the court on a sua sponte motion for summary dismissal for lack of jurisdiction. The issue presented by the motion is whether the adjudication order is appealable as a matter of right as a final judgment of the juvenile court.

STATUTORY PROVISIONS
The statutory provisions involved in this case were enacted as provisions of the "Child Welfare Reform Act" and are codified as Utah Code Ann. §§ 78-3a-305 to -311 (Supp. 1996). Child Welfare Reform Act, ch. 260, §§ 98 to 104, 1994 Utah Laws 1142, 1183-87. Section 78-3a-306 requires a shelter hearing to be held within seventy-two hours after removal of a child from a home. Section 78-3a-305 requires a petition alleging abuse, neglect or dependency to be filed on or before the date of the shelter hearing. Section 78-3a-306(8) requires the juvenile court holding the shelter hearing to order that the minor be released from protective custody unless it finds, by a preponderance of the evidence, that any of the conditions enumerated in that section exist. Section 78-3a-308(2) requires the "final adjudication hearing" to be held no later than forty-five calendar days from the date of the shelter hearing.
Section 78-3a-310, which is the jurisdictional basis for the order being appealed, states:
(1) If, at the adjudication hearing, the court finds, by clear and convincing evidence, that the allegations contained in the petition are true, it shall conduct a dispositional hearing.
(2) The dispositional hearing may be held on the same date as the adjudication hearing, but shall be held no later than 30 calendar days after the date of the adjudication hearing.
Section 78-3a-311 lists the dispositions that may be made by the juvenile court, including continued removal and custody in the Division of Child and Family Services for an initial period of up to twelve months for the pursuit of reunification efforts.

FACTS
The juvenile court held an adjudication hearing by reason of allegations of sexual abuse of F.M. by D.M., her father. At the conclusion of the adjudication hearing, the court permitted the State to amend the petition "to conform to the evidence and provide that the children are neglected or dependent pursuant to sec. 78-3a-2(16), U.C.A. in that [D.M.] engaged [F.M.] in an act of oral sex and attempted intercourse with her" and "that the mother, [T.M.], knew about and failed to take reasonable measures to protect [F.M.]" and that "[E.M. and A.M.] are also at risk of being abused." The juvenile court entered extensive findings of fact and the following conclusions of law:
15. From the foregoing, the court finds by clear and convincing evidence, pursuant to section 78-3a-310 and 78-3a-2(16), [F.M.] was sexually abused by her father [D.M.]. The mother, [T.M.], was aware of the abuse and failed to take appropriate measures to protect [F.M.]. Further, pursuant to section 78-3a-2(16)(a)(iv), the misconduct of the parents creates a condition in the home which is endangering the welfare of [E.M. and A.M.].
15. Based upon the foregoing findings and conclusions, this matter is set for disposition on the ____ day of ____________ 1996 at the hour of ____________.
14. Temporary custody and guardianship of the children is continued with the State of Utah. The State is ordered to prepare a service plan.
16. [F.M.] is authorized to reside temporarily in Littleton, Colorado, in the custody of her aunt, [D.A.]. [D.A.] is ordered to cooperate with the Division of Family Services and the Guardian Ad Litem. Further, she is restrained from allowing contact or communication by and between [F.M. and D.M. and T.M.] pending further court hearing. [D.A.] is directed to continue such therapy for [F.M.] as may be recommended and to make reports available to the guardian and the state.
17. [D.M. and T.M.] are temporarily restrained from traveling to Colorado without *1284 court permission and from communicating directly or indirectly with [F.M.].

ANALYSIS
The State's argument in favor of immediate appealability of adjudication orders relies upon its interpretation of Utah Code Ann. § 78-3a-51(1) (1992), which states that "[a]n appeal to the Court of Appeals may be taken from any order, decree, or judgment of the juvenile court." The State emphasizes the significance of the adjudication order in the context of child welfare cases, stating that "[i]t is only the juvenile court's finding of abuse, neglect or dependency in the adjudication order that permits the juvenile court thereafter to determine the child's custody and to fashion DFS's supervision of the child's care and any reunification services." Accordingly, the State argues that an "adjudication order under § 78-3a-310 is a final determination of the merits of the factual allegations in the § 78-3a-305 petition."
The unique nature of child welfare proceedings compels us to apply an analysis different from the analysis traditionally applied in civil cases, which dictates an appeal as a matter of right "can be taken only from the entry of a final judgment that concludes the action."[1]Pate v. Marathon Steel Co., 692 P.2d 765, 767 (Utah 1984). In In re J.J.T., 877 P.2d 161 (Utah App.1994), this court questioned the application of traditional res judicata analysis in child welfare cases, stating that "it cannot be persuasively argued that judicial economy or the convenience afforded by finality of legal controversies must override the concern for a child's welfare." Id. at 164. The court noted that "[c]onsiderations regarding a child's welfare are rarely, if ever, static" and because "the child's environment is constantly evolving," the juvenile court's continuing jurisdiction is justified. Id. at 163. Accordingly, the court held that res judicata did not bar the State from presenting a claim for termination of parental rights even if the facts on which the termination petition was based concerned conduct that occurred prior to proceedings on the initial abuse or neglect petition. Id. at 168. The court also noted that "[a]lthough the juvenile court retains continuing jurisdiction of a child whose custody was adjudicated in a neglect proceeding, see Utah Code Ann. § 78-3a-40 (1992), the findings and order entered pursuant to the neglect petition are final and appealable" under section 78-3a-51. Id. at 164 n. 3.
Because the adjudication order entered in this case under section 78-3a-310 constitutes a determination on the merits of the abuse petition, we hold that the order is final and appealable under section 78-3a-51. We withdraw the sua sponte motion for summary dismissal based on our determination that this court has appellate jurisdiction over D.M.'s appeal from the adjudication order.
ORME, P.J., and DAVIS, Associate P.J., and GREENWOOD, J., concur.
NOTES
[1] We note that the possibility of multiple appeals in a case is not without precedent. The district court in divorce proceedings retains continuing jurisdiction to make subsequent changes or new orders as a result of a material change in circumstances with the result that several orders in a single case may be final and appealable. See Utah Code Ann. § 30-3-5 (Supp.1995); White v. State, 795 P.2d 648, 650 (Utah 1990); Foulger v. Foulger, 626 P.2d 412, 414 (Utah 1981); Peters v. Peters, 15 Utah 2d 413, 394 P.2d 71, 73 (1964).