**STATE of Utah, in the interest of M.V., F.V., S.O., and D.M., persons under the age of eighteen years.**

**E.V., Appellant,**

**v.**

**STATE of Utah, Appellee.**

**No. 970026–CA.**

Court of Appeals of Utah.

May 1, 1997.

Julie George McPherson, Salt Lake City, for Appellant.

Jan Graham and Jeffrey Buckner, Salt Lake City, for Appellee.

Before DAVIS, BENCH and ORME, JJ.

## OPINION

**PER CURIAM:**

Appellant E.V. appeals from a shelter hearing order of the juvenile court. The State filed a motion to dismiss on the basis that a shelter hearing order is interlocutory and is not appealable as a matter of right.

This court previously held an adjudication order entered under Utah Code Ann. § 78–3a–310 (1996) is a determination on the merits of a petition alleging abuse or neglect and is final and appealable under Utah Code Ann. § 78–3a–51(1) (1992).[1] *See In re E.M.*, 922 P.2d 1282, 1284 (Utah.Ct.App.1996) (per curiam). The related issue presented in this case is whether a shelter hearing order en-

---

**1.** The subject provision of former Utah Code Ann. § 78–3a–51(1)(1992) now appears at Utah Code Ann. § 78–3a–909(1) (1996).

tered under Utah Code Ann. § 78–3a–306 (1996) is also final and appealable as a matter of right.

The juvenile court held a shelter hearing and entered written findings of fact and conclusions of law and an order on December 23, 1996. The court found that "by a preponderance of the evidence, the removal and continued removal of the children was necessary due to the unsanitary conditions in the home and serious medical condition of the youngest child." The court further found that the youngest child has "a medical need of sufficient gravity and is in immediate need of medical care" and that there was "no appropriate home to which the children can go." The court concluded that "[t]he removal and continued removal of the above named minor children was reasonable and justified. There is substantial danger to the physical health and safety of the children and the children cannot be protected without removal of custody from the parents." On January 3, 1997, E.V. filed a notice of appeal from the shelter hearing order. On January 27, 1997, the juvenile court adjudicated the children as neglected following a trial on the petition. The court found the factual allegations of the petition "to be true and correct by clear and convincing evidence and that the mother and her children come within the jurisdiction of the Juvenile Court Act of the State of Utah, as amended to date."

E.V. appeals only the shelter hearing order, contending emergency removal was not necessary and other family members were available to take custody of the children. E.V. asserts that the shelter hearing order is a final determination of the reasonableness of both the removal and the continued removal pending adjudication of the neglect petition and is thus appealable as a matter of right.

Utah Code Ann. § 78–3a–306(8) (1996) requires the court to release a child from the protective custody of the Division of Child and Family Services (DCFS) unless it finds by a preponderance of the evidence that one or more of the enumerated grounds exist. The grounds enumerated in section 78–3a–306(8) include the following grounds applicable to this case: "(a) there is a substantial danger to the physical health or safety of the

minor and the minor's physical health or safety may not be protected without removing him from his parent's custody, ... (h) the minor is in immediate need of medical care," and "(i) the physical environment ... poses a threat to the child's health or safety." Utah Code Ann. § 78–3a–306(9) (1996) requires the court to "make a determination on the record as to whether reasonable efforts were made to prevent or eliminate the need for removal of the minor from his home and whether there are available services that would prevent the need for continued removal." Section 78–3a–306(9) requires the court to return the child to the parent's custody "[i]f the court finds that the minor can be safely returned to the custody of his parent ... through the provision of those services." Utah Code Ann. § 78–3a–308 (1996) requires the pre-trial to be held within fifteen calendar days of the shelter hearing and the adjudication on the petition to be held no later than forty-five calendar days from the date of the shelter hearing.

Within the context of proceedings on an abuse or neglect petition, the shelter hearing order is a temporary order entered pending adjudication of the factual allegations of the petition. At the shelter hearing held within seventy-two hours of the child's removal, the juvenile court's review is limited to determining whether the initial removal was valid and whether the child should continue in the temporary custody of DCFS pending adjudication of the petition. The burden of proof at the shelter hearing requires the State to demonstrate the grounds for removal by a preponderance of the evidence. In contrast, the burden of proof at the adjudication hearing requires the State to establish the factual allegations of the petition by clear and convincing evidence. Following the shelter hearing, the case proceeds to adjudication on the statutorily mandated time line applicable to child welfare cases. *See* Utah Code Ann. § 78–3a–308 (1996).

In *In re T.H. v. R.H.*, 860 P.2d 370 (Utah. Ct.App.1993), this court discussed the difficulty posed by the varying meanings of "final" and "temporary" in child welfare cases. *T.H.* considered whether the juvenile court had erroneously denied a petition to restore

custody to a child's parents. The Utah Supreme Court's opinion in *In re A.H. v. Mr. and Mrs. H.*, 716 P.2d 284 (Utah 1986), had held that a petition to restore custody must be made only after a final custody determination, reasoning an order that "merely placed temporary custody with DFS subject to further court order pending further development of the facts" was not a final order. *Id.* at 286. In *T.H.*, this court distinguished between temporary custody orders entered pending adjudication of a petition alleging abuse and temporary custody orders entered following adjudication of the factual allegations of the petition. This court stated:

> Confusion arises because the words temporary and final have varying meanings based upon the stage of the adjudicative process in the juvenile court. . . . [T]emporary can refer to an interim custody order pending final factual determination of the accusations in a petition alleging abuse. Alternatively, temporary, as used in this case, refers to the temporary placement of the child under a final order after a hearing on the merits of a petition alleging abuse. . . . Thus, a court may well make a temporary disposition of custody while making a final determination regarding the allegations in the underlying petition.

*T.H.*, 860 P.2d at 374 (footnotes omitted).

In *T.H.*, "the juvenile court held a full hearing and issued a final decree regarding the allegations of abuse in the petition and issued a temporary order regarding placement outside the home." *Id.* Accordingly, this court held "the order was final for pur-

poses of section 78–3a–47 and the parents correctly relied on that section to petition for restoration of custody." [2] *Id.* In this case, the shelter hearing order was "an interim custody order pending final factual determination of the accusations in a petition alleging abuse." *Id.* Thus, the order would not entitle E.V. to petition for restoration of custody, and, on the same basis, the order was not final and appealable as a matter of right.

We hold that a shelter hearing order entered under Utah Code Ann. § 78–3a–306 (1996) is not final and appealable as a matter of right. Accordingly, an immediate appeal can be taken only if the appellate court grants a petition for permission to appeal pursuant to Rule 5 of the Utah Rules of Appellate Procedure. We deny E.V.'s alternative request to allow this appeal to proceed as an interlocutory appeal because Rule 2 of the Utah Rules of Appellate Procedure precludes suspension or modification of the requirements of Rule 5. Our disposition makes it unnecessary to consider the parties' procedural claims.

We dismiss the appeal for lack of jurisdiction. The State's request for an award of costs pursuant to Rules 33 and 34 of the Utah Rules of Appellate Procedure is denied.

---

2. The provisions of former Utah Code Ann. § 78–3a–47 (1992), allowing a parent to petition for restoration of custody based upon a change of circumstances, now appear in Utah Code Ann. § 78–3a–903 (1996).