2004 UT App 482

**STATE of Utah, in the interest of J.W., a person under eighteen years of age.**

**J.W., Appellant,**

v.

**State of Utah, Appellee.**

**No. 20040182–CA.**

Court of Appeals of Utah.

Dec. 23, 2004.

Sam N. Pappas, Pappas & Associates, Salt Lake City, for Appellant.

Mark L. Shurtleff, atty. gen., and Matthew D. Bates, asst. atty. gen., Salt Lake City, for Appellee.

Before BILLINGS, P.J., BENCH, Associate P.J., and GREENWOOD, J.

## MEMORANDUM DECISION

PER CURIAM:

¶ 1 This case is before the court on the State's motion for summary dismissal of this appeal for lack of jurisdiction. Appellant J.W. stipulates to dismissal for lack of jurisdiction. The State contends that the juvenile court's adjudication order, in this delinquency matter, is not a final appealable order. A disposition order has not been entered because the juvenile court is waiting the outcome of this appeal. The adjudication order entered a conditional admission to the offense of sexual abuse of a child, a second degree felony. J.W. seeks to appeal the juvenile court's denial of his motion to dismiss the charges.

¶ 2 There is no Utah case that specifically declares an adjudication order in a delinquency matter nonfinal. However, the conclusion is implicit in the case law. The Utah Supreme Court has stated that the "finality of an order in juvenile proceedings is determined the same way as the finality of an order in other courts." *In re M.W.*, 2000 UT 79, ¶ 25, 12 P.3d 80. Specifically, a "final, appealable order is one that ends the current juvenile proceedings, leaving no question open for further judicial action." *Id.*

¶ 3 In *In re S.A.K.*, this court considered the opposite situation, an appeal after entry of the disposition order that seeks to appeal the adjudication order. *See In re S.A.K.*, 2003 UT App 87, 67 P.3d 1037. In that case, we determined that a notice of appeal filed timely from the disposition order allowed the appellant to argue the adjudication order on appeal. *See id.* at ¶ 15.

¶ 4 In the area of child welfare matters, this court has determined that the "unique nature of child welfare proceedings compels us to apply analysis different from the analysis traditionally applied in civil cases." *In re E.M.*, 922 P.2d 1282, 1284 (Utah Ct.App. 1996). This court declared that the child's welfare outweighs the concern for judicial economy, even if it results in more than one appeal. *See id.*

¶ 5 Unlike child welfare matters, in delinquency matters, this court has declared that an "order which does not completely determine the rights of the parties, including those of the juvenile child, is interlocutory in nature." *In re T.D.C.*, 748 P.2d 201, 202 (Utah Ct.App.1988). Juvenile delinquency matters are more akin to criminal cases. The adjudication hearing is typically when guilt or innocence to a criminal charge is determined. The disposition hearing is a sentencing hearing. As with a criminal case, in which a defendant can be sent to prison for a diagnostic evaluation prior to sentencing, a juvenile in a delinquency matter can be sent to Youth Corrections for an observation and assessment prior to sentencing. Both have a purpose to help the court determine conditions to impose in a sentence.

¶ 6 This court also considered that adjudication orders, typically by their own content, are not usually intended to be final. *See id.* A disposition order, on the other hand, will usually not contemplate further action. *See id.* The language of the adjudication order in this matter stays disposition of the matter pending appeal, alluding to entry of a disposition order in the future. The order also directs the District Attorney's office to notify the court upon this court's ruling so that it can schedule a "disposition hearing," contemplating further action.

¶ 7 Adjudication orders in juvenile delinquency matters are not final and appealable when they contemplate further action by the juvenile court. The adjudication order in this case is not final and appealable; therefore, the adjudication order was interlocutory. As a result, this court lacks jurisdiction and must dismiss the matter without prejudice to filing a timely notice of appeal from a final appealable order. *See Varian–Eimac Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah Ct.App.1989).