106 P.3d 193 (2005)
2005 UT App 2
STATE of Utah in the interest of A.M., a person under eighteen years of age.
C.F., Appellant,
v.
State of Utah, Appellee.
No. 20040946-CA.
Court of Appeals of Utah.
January 6, 2005.
*194 Samuel S. Bailey, Bailey & Torgenson PLLC, Price, for Appellant.
Mark L. Shurtleff, Attorney General, and John M. Peterson, Assistant Attorney General, Salt Lake City, for Appellee.
Martha Pierce and Connie Mower, Salt Lake City, Guardians Ad Litem.
Before Judges DAVIS, JACKSON, and ORME.

MEMORANDUM DECISION
PER CURIAM:
¶ 1 C.F. seeks to appeal the juvenile court's order entered after a permanency hearing under Utah Code section 78-3a-312. The order terminated reunification services and visitation, and required the State to initiate the termination of C.F.'s parental rights. In response to the petition on appeal, the Guardian Ad Litem filed a motion to dismiss for lack of jurisdiction, in which the State concurred. We conclude that we lack jurisdiction, but on a different ground than that asserted by the Guardian Ad Litem and the State.
¶ 2 This appeal is taken from an order relating to abuse, neglect, dependency, or termination proceedings. As a result, this appeal is governed by rules 52 through 59 of the Utah Rules of Appellate Procedure. See Utah R.App. P. 1(f). These rules, effective May 3, 2004, set forth the time frames and procedures for child welfare appeals.
¶ 3 The juvenile court entered its order on September 29, 2004. C.F.'s notice of appeal was not filed until November 2, 2004, with an amended notice filed on November 3. Also filed with the amended notice was a motion for an extension of time in which to file the appeal.[1] The motion, like the notice of appeal, was filed beyond the original time frame in which to file a notice of appeal.
¶ 4 Pursuant to rule 52, a notice of appeal from a child welfare proceeding must be filed within fifteen days of the order appealed from. See Utah R.App. P. 52(a). The time for filing a child welfare appeal may be extended only by motion filed before the expiration of the original fifteen-day filing time. See Utah R.App. P. 59(a). These time frames cannot be suspended or extended. See Utah R.App. P. 2.
¶ 5 C.F.'s notice of appeal was filed more than fifteen days after the trial court's order, and was thus untimely. See Utah R.App. P. 52(a). Furthermore, her motion to extend the time in which to file was also filed after *195 the appeal time had run, and was therefore also untimely. The juvenile court had no jurisdiction to grant the untimely motion. See Utah R.App. P. 59(a).
¶ 6 Based on the untimely notice of appeal, this court lacks jurisdiction over this appeal and must therefore dismiss it. See Utah R.App. P. 52; Bradbury v. Valencia, 2000 UT 50,¶ 8, 5 P.3d 649.
¶ 7 Accordingly, this appeal is dismissed.
NOTES
[1] Also filed the same day was an appearance of counsel for appellate counsel. The notice indicated that trial counsel remained active as trial counsel, but new appellate counsel had been appointed. Although not a jurisdictional issue like the other issues here, the appointment of appellate counsel is problematic. Under the rules, trial counsel is obligated to file the notice of appeal and the petition. See Utah R.App. P. 53, 55(b). The juvenile court may relieve trial counsel of this obligation only "upon a showing of extraordinary circumstances." Utah R.App. P. 55(b).