2011 UT App 345

**David J. D'ADDABBO, Plaintiff and Appellant,**

v.

**WEBER COUNTY SHERIFF; and Weber County Commissioners, Defendants and Appellees.**

No. 20110639–CA.

Court of Appeals of Utah.

Oct. 14, 2011.

David J. D'Addabbo, Nibley, Appellant Pro Se.

Jesse C. Trentadue and Noah M. Hoagland, Salt Lake City, for Appellees.

Before Judges DAVIS, McHUGH, and ROTH.

DECISION

PER CURIAM:

¶ 1 David J. D'Addabbo appeals the district court's order entered on May 4, 2011. This matter is before the court on a sua sponte motion for summary disposition on the ground that the notice of appeal was not timely filed. We dismiss the appeal for lack of jurisdiction.

¶ 2 Pursuant to rule 4 of the Utah Rules of Appellate Procedure, a notice of appeal must be filed within thirty days of the entry of the final order or judgment appealed. *See* Utah R.App. P. 4(a). The thirty-day time period for filing a notice of appeal commences on the date that the judgment is entered, regardless of the date that the parties receive notice of the entry of the judgment. *See Workman v. Nagle Constr., Inc.*, 802 P.2d 749, 751 (Utah Ct.App.1990). If a notice of appeal is not timely filed, this court lacks jurisdiction to consider the appeal. *See Serrato v. Utah Transit Auth.*, 2000 UT App 299, ¶ 7, 13 P.3d 616. If the court lacks jurisdiction over an appeal, it has only the authority to dismiss the appeal. *See Varian–Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah Ct.App.1989).

¶ 3 On May 4, 2011, the district court entered its final, appealable order. D'Addabbo did not file his notice of appeal until July 15, 2011. D'Addabbo did not file any motion recognized by rule 4(b) of the Utah Rules of Appellate Procedure that would serve to extend the time period for filing a notice of appeal. *See* Utah R.App. P. 4(b). Thus, D'Addabbo's notice of appeal was not timely filed, and this court lacks jurisdiction to consider the appeal. *See Serrato*, 2000 UT App 299, ¶ 7, 13 P.3d 616. When this court lacks jurisdiction, we have only the authority to dismiss the appeal. *See Varian–Eimac, Inc.*, 767 P.2d at 570.

¶ 4 Accordingly, the appeal is dismissed.