**2014 UT App 206**

## THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF E.T., A.T., S.T., E.T., M.T., AND
S.T., PERSONS UNDER EIGHTEEN YEARS OF AGE.

M.T.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20140515-CA
Filed September 5, 2014

Fourth District Juvenile Court, American Fork Department
The Honorable Suchada P. Bazzelle
No. 1088438

Erik G. Jacobson, Attorney for Appellant

Sean D. Reyes, John M. Peterson, and
Carol L.C. Verdoia, Attorneys for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES JAMES Z. DAVIS, STEPHEN L. ROTH, AND
JOHN A. PEARCE.

PER CURIAM:

¶1      M.T. (Mother) appeals a June 2014 final order that granted legal and physical custody of the children to their father (Father), ceded jurisdiction over future child custody and parent-time issues to the district court that adjudicated the parents' divorce, and ordered that Mother's visits would continue to be supervised with an increase in frequency and duration. We affirm.

¶2     Mother argues that because the signed April 2, 2014 adjudication order was not entered until the date of the final review hearing, the juvenile court's decision to close the case rendered any objection to the adjudication order moot and deprived her of the right to appeal that order. We do not agree that Mother was prevented from filing a timely appeal of the adjudication order within the fifteen-day period allowed by rule 52 of the Utah Rules of Appellate Procedure. An adjudication order is a final and appealable order. *See In re S.M.*, 2007 UT 21, ¶ 18, 154 P.3d 835; *In re E.M.*, 922 P.2d 1282, 1284 (Utah Ct. App. 1996). Furthermore, the adjudication order's finality is not affected by ongoing proceedings after the adjudication. *See In re S.M.*, 2007 UT 21, ¶ 18 ("[T]he juvenile court retains jurisdiction over a child whose custody is awarded in a neglect proceeding, but that does not mean the neglect adjudication is not final." (citation and internal quotation marks omitted)). Because Mother failed to timely appeal the adjudication order, we lack jurisdiction to consider an appeal of that order. *See In re A.M.*, 2005 UT App 2, ¶ 5, 106 P.3d 193 (per curiam) (holding that where an appellant fails to file a notice of appeal within the time allowed by rule 52(a) of the Utah Rules of Appellate Procedure, we lack jurisdiction over the appeal). Accordingly, Mother's appeal is limited to a review of the June 2014 final order closing the protective supervision case.

¶3     The child welfare investigation was precipitated by Mother's five older children—between nine years and two years of age—being found by law enforcement both unsupervised and over a mile from the family home. Mother did not demonstrate appropriate concern after contact with law enforcement. Following an investigation for lack of supervision, the Division of Child and Family Services (DCFS) determined that the children had been exposed to domestic violence, that Mother acknowledged she had threatened to commit suicide, and that Mother had serious untreated mental health issues. The school-age children were not enrolled in school. Mother refused to participate in efforts to create a safety plan for the children. After the disposition hearing, the

juvenile court granted temporary custody to Father and ordered DCFS to provide services.

¶4      At a six-month review hearing held on February 19, 2014, the State reported that the children were doing well in Father's custody and that Mother had refused to sign the paperwork necessary to obtain her assessments or to cooperate with DCFS. At the time of the final review hearing on April 2, 2014, Mother had not completed services or addressed the issues that precipitated the case. She still had serious untreated mental health issues that impacted her ability to parent and placed the children at risk. She refused to acknowledge any problems with her parenting or to cooperate with DCFS. The transcript of the final hearing shows that Mother did not oppose closure of the protective supervision case, entry of an order granting Father custody, or continuation of her supervised visits. She requested an increase in parent-time, which was granted. The juvenile court granted legal and physical custody to Father, continued supervision of Mother's visits with an increase in their duration and frequency, and ceded jurisdiction over enforcement and modification of the custody and parent-time orders to the district court that had presided over the parents' divorce. Mother requested written findings of fact in support of the order, but she did not object to the sufficiency of those findings of fact and has not preserved that issue for appeal. Mother's claim that the findings are void of any details about the Mother or her abilities is unpreserved, and it also lacks merit.

¶5      We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. "[I]n order to overturn the juvenile court's decision, the result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (citation and internal quotation marks omitted). Therefore, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence."

*Id.* The evidence amply supports the findings of fact and the final order itself.

¶6     Accordingly, we affirm.

———————