**2024 UT App 178**

# THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF J.F.,
A PERSON UNDER EIGHTEEN YEARS OF AGE.

J.S.F.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20240787-CA
Filed December 5, 2024

Seventh District Juvenile Court, Price Department
The Honorable Craig Bunnell
No. 1198656

Terry R. Spencer, Attorney for Appellant

Sean D. Reyes and John M. Peterson,
Attorneys for Appellee

Martha Pierce, Alisha Giles, and Heath Haacke,
Guardians ad Litem

Before JUDGES MICHELE M. CHRISTIANSEN FORSTER,
DAVID N. MORTENSEN, and AMY J. OLIVER.

PER CURIAM:

¶1      J.S.F. (Father) appeals the juvenile court's order awarding custody of J.F. (Child) to K.F. (Stepmother) and terminating its jurisdiction. This matter is before the court on its own motion for summary disposition based on a lack of jurisdiction due to an untimely notice of appeal.

¶2 The juvenile court held a review hearing in the underlying case on May 22, 2024. The formal order memorializing the rulings from the hearing was entered on June 20, 2024. The order granted sole legal and physical custody of Child to Stepmother and terminated juvenile court jurisdiction. Father filed his notice of appeal from that order on July 26, 2024.

¶3 Under rule 52 of the Utah Rules of Appellate Procedure, a notice of appeal from an order in a child welfare proceeding "must be filed within 15 days of the entry of the order appealed from." Utah R. App. P. 52(a). If the notice of appeal is untimely, this court lacks jurisdiction over the appeal. *See In re A.M.*, 2005 UT App 2, ¶ 6, 106 P.3d 193 (per curiam). The time to file a notice of appeal cannot be suspended. *See* Utah R. App. P. 2. Father's notice of appeal was not filed within fifteen days after the entry of the juvenile court's order. Accordingly, this court lacks jurisdiction over his untimely appeal.

¶4 Father argues that this court should accept jurisdiction because the order was not served on him until July 12, 2024, and his notice of appeal was filed within fifteen days after service. However, the time to file a notice of appeal "commences on the date that the judgment is entered, regardless of the date that the parties receive notice of the entry of the judgment." *D'Addabbo v. Weber County Sheriff*, 2011 UT App 345, ¶ 2, 263 P.3d 1223 (per curiam). It is well established that a notice of appeal must be timely, as an untimely notice "may trigger stern consequences, precluding the appellate court from exercising jurisdiction." *Garver v. Rosenberg*, 2015 UT 39, ¶ 10, 347 P.3d 380 (cleaned up).

¶5 Father argues that the appeal should move forward because the order was not promptly served on him under rule 58A(g) of the Utah Rules of Civil Procedure. This argument is unavailing for several reasons. First, rule 58A(g) itself states that "[e]xcept as provided in Rule of Appellate Procedure 4(g), the time for filing a notice of appeal is not affected by" the

requirement to serve the signed order on a party. And any motion to reinstate the time to appeal under rule 4(g) must be made in the trial court. *See* Utah R. App. P. 4(g)(2).

¶6     But more importantly, rule 4(g) does not apply in juvenile court proceedings because there is a different reinstatement mechanism specific to the juvenile court. Under rule 52(d)(1) of the Utah Rules of Appellate Procedure, the juvenile court "will reinstate the 15-day period for filing a direct appeal from an order terminating parental rights or terminating the jurisdiction of the juvenile court in a child welfare case if a parent demonstrates by a preponderance of evidence that the parent was deprived of the right to appeal through no fault of the parent." It appears that Father's circumstances would have permitted relief under this rule. However, the motion for reinstatement under this rule must be made within forty-five days of the entry of the order terminating the juvenile court's jurisdiction, *see id.* R. 52(d)(2), and Father did not timely file any such motion.

¶7     Because the notice of appeal was untimely, this appeal is dismissed.

_____